**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

T.W., P.M., and DISABILITY
RIGHTS OF FLORIDA, etc.,

      Plaintiffs,

v.                              CASE NO.  4:13cv457-RH/CAS

ESTHER JACOBO, etc., et al.,

      Defendants.

_____/

**ORDER DISMISSING THE CLAIMS
AGAINST THE DEFENDANT DUDEK**

The plaintiffs seek to represent a class of individual with psychiatric

disabilities who are confined in three state hospitals but could receive care in the

community.  The plaintiffs say this violates the Americans with Disabilities Act as

interpreted in *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999).  *See also*

*Radaszewski ex rel. Radaszewski v. Maram*, 383 F.3d 599 (7th Cir. 2004); *Fisher*

*v. Okla. Health Care Auth.*, 335 F.3d 1175 (10th Cir. 2003).

Two of the hospitals are operated by, and the third is operated under contract

with, the Florida Department of Children and Families ("DCF").  The hospitals,

like all hospitals in Florida, are licensed by the Florida Agency for Health Care Administration ("AHCA").

The plaintiffs have named as defendants Esther Jacobo, in her official capacity as Interim Secretary of DCF, and Elizabeth Dudek, in her official capacity as Secretary of AHCA. Ms. Dudek has moved to dismiss. This order grants the motion.

AHCA does not operate the hospitals. AHCA does *license* the hospitals, but it is more than a stretch to assert that AHCA has itself violated the ADA by failing to pull the licenses or otherwise take action to compel DCF to provide community-based services to these class members. *See, e.g.*, *Noel v. N.Y.C. Taxi & Limousine Comm'n*, 687 F.3d 63, 69-70 (2d Cir. 2012); *Reeves v. Queen City Transp.*, 10 F. Supp. 2d. 1181, 1186-88 (D. Colo. 1998); *Paxton v. W.V. Dep't of Tax & Revenue*, 192 W.Va. 213, 218 (1994). The complaint fails to state an ADA claim against Ms. Dudek on which relief can be granted.

A centerpiece of the plaintiffs' claims is that AHCA is violating its duties under Florida law. AHCA enforces licensing conditions. A "condition of licensure" is a hospital's "[a]dherence to patient rights, standards of care, and examination and placement procedures" under Florida Statutes chapter 394. Fla. Stat. § 395.003. The plaintiffs say patient rights under chapter 394 include the right to treatment by the least-restrictive means. *See* Fla. Stat. § 394.453 (setting

out legislative intent, including "that the least restrictive means of intervention be employed based on the individual needs of each person, within the scope of available services").  But even if state law provided a private right of action based on a licensing condition, and even if such a cause of action extended to conduct in conflict with a statement of legislative intent—dubious propositions at best—the Eleventh Amendment would bar the claim in this court.  *See, e.g.*, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) (holding that the Eleventh Amendment bars any claim for injunctive relief based on state law against a state or against a state officer).

One more point deserves mention.  It is not at all clear that meaningful relief could be granted against Ms. Dudek at AHCA.  AHCA has no authority to release a patient from a hospital or to provide benefits to a patient in the community; only DCF can do so.  Ms. Dudek could be ordered to take action against a hospital's license, but an order of that kind would make little sense.  Courts ordinarily address a problem directly rather than by enlisting an executive agency as an interface.  Here the court could remedy any violation much more directly simply by ordering Ms. Jacobo at DCF to take the appropriate action.

In short, even if meaningful relief could be provided against Ms. Dudek, there would be no reason for it; an order directed to Ms. Jacobo could accomplish everything that could be accomplished through an order directed to Ms. Dudek.

This is not quite the same as, but is similar to, the reasoning that led the Eleventh Circuit to approve the dismissal of redundant claims against official-capacity defendants in *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (approving the dismissal of official-capacity defendants whose presence was merely redundant to the naming of an institutional defendant). There is no reason to have two defendants when one will do.

So the claims against Ms. Dudek will be dismissed. It is virtually certain that, like in *Busby*, this will make absolutely no substantive difference in the outcome of the case.

For these reasons,

IT IS ORDERED:

Ms. Dudek's motion to dismiss, ECF No. 4, is GRANTED. The claims against Ms. Dudek are dismissed. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on January 13, 2014.

s/Robert L. Hinkle
United States District Judge